UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ROBERTA A. DeANGELIS
UNITED STATES TRUSTEE, REGION 3
Donald F. MacMaster, Esq. (DM 0977)
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 601 Lehigh Associates, LLC, | : | Case No. 14-20171 (DHS) |
| | : | |
| Debtor. | : | Hearing Date: |
| | : | |
| | : | ORAL ARGUMENT IS REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE
UNITED STATES TRUSTEE FOR AN ORDER CONVERTING CASE TO CHAPTER 7
OR, IN THE ALTERNATIVE, DISMISSING CASE PURSUANT TO 11 U.S.C. § 1112(b)**

The United States Trustee (the "U.S. Trustee") by and through counsel, in furtherance of her duties and responsibilities, hereby respectfully moves for an Order converting this case to Chapter 7 or, in the alternative, dismissing this case pursuant to 11 U.S.C. § 1112(b). Under 28 U.S.C. § 586(a)(8), the U.S. Trustee has a duty to "apply promptly" to this Court after finding material grounds for seeking relief under 11 U.S.C. § 1112. This duty is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See*, *United States Trustee v. Columbia Gas SYS., Inc. (In re Columbia Gas SYS., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgen Stern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

**Background**

1. On May 20, 2014, (the "Petition Date"), 601 Lehigh Associates, LLC, (the "Debtor") filed a voluntary petition for relief under chapter 11 of Title 11, United States Code.

2. The Debtor operates a single asset real estate business owning 601 Lehigh Avenue, Union, New Jersey. *See* Certification of Francyne D. Arendas (the "Arendas Cert.) at ¶ 3.

3. The U.S. Trustee has not appointed an official committee of unsecured creditors.

4. The Debtor is required to supply certain documents including proof of insurance concerning the estate's administration as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the Debtor at the inception of the case. *See id.* at ¶ 4.

5. To date, the Initial Monthly Operating Report and required documents have not been received. *See id.* at ¶ 5

6. On June 25, 2014, Initial Debtor Interview with the Debtor was conducted by Francyne Arendas, ("Ms. Arendas") Bankruptcy Analyst; at which time she explained the necessity and requirement for the submission of documentation evidencing adequate insurance and Debtor in Possession banking information. Ms. Arendas also requested additional documentation to further understand the Debtor's financial condition.

7. At present, despite requests to do so, the Debtor has failed to provide any proof of insurance to this office. *See id.* at ¶ 6

8. At the time of the Initial Debtor Interview, the Debtor presented a copy of its 2012 Federal Tax Return for review. Information contained in this tax return indicates that on December 31, 2012 accounts receivable owed to the Debtor from affiliates was $378,916. This

amount does not appear as an asset on the Debtor's Schedules. Thus, the Debtor was asked to provide detail surrounding these specific accounts receivable and the present status which, to date, has not been received. *See id.* at ¶ 7.

9. The Debtor owes an estimated $325.00 in United States Trustee quarterly fees. *See id.* at ¶ 8.

## Relief Requested

10. The U.S. Trustee requests that the Debtor's case be converted to chapter 7 or, in the alternative, dismissed pursuant to Section 1112(b) of the Bankruptcy Code due to the failure to provide proof of insurance and produce required documents.

## Basis For Relief Requested

11. 11 U.S.C. § 1112(b)(1) provides:

> Except as provided in paragraph (2)[1] and subsection (c),[2] on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter

---

[1] 11 U.S.C. § 1112(b)(2) states:

The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that–

    A. there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
    B. the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) –
       (i) for which there exists a reasonable justification for the act or omission; and
       (ii) that will be cured within a reasonable period of time fixed by the court.

[2] 11 U.S.C. § 1112(c) states:

The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.

    7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a)[3] court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate.

12. "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including –

  (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

  (B) gross mismanagement of the estate;

  (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

  (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

  (E) failure to comply with an order of the court;

  (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

  (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

---

[3] 11 U.S.C. § 1104(a) states:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –

  (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

  (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

 (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

 (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

 (J) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court;

 (K) failure to pay any fees or charges required under chapter 123 of title 28;

 (L) revocation of an order of confirmation under section 1144;

 (M) inability to effectuate substantial consummation of a confirmed plan;

 (N) material default by the debtor with respect to a confirmed plan;

 (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

 (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of filing of the petition.

13. It is well settled that the list of factors constituting "cause" are not exhaustive. The legislative history for the statute provides in part, "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual cases." *See*, H. Rep. 595, 95th Cong., 1st Sess. 406 (1977). *See*, *In re Pittsfield Weaving Company*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

14. To date, the Debtor has failed to provide proof of insurance on his piece of real property.

15. As a result, there is a substantial risk that the value of the Debtor's assets will be diminished or lost if an accident occurs and there is no insurance to cover the damages.

16.     Failure to maintain appropriate insurance that poses a risk to the estate or to the public is cause to dismiss or convert pursuant to 11 U.S.C. § 1112(b)(4)(C).

17.     In addition, the Debtor has failed to produce documents reasonably requested by the OUST. Failure to timely to provide information or attend meetings reasonably requested by the United States Trustee is cause to dismiss or convert pursuant to 11 U.S.C. § 1112(b)(4)(H).

18.     Under 28 U.S.C. § 1930(a)(6), the debtor is obligated to pay fees based upon "disbursements" made during a calendar quarter to the United States Trustee System Fund.  28 U.S.C. § 1930(a)(6) establishes a funding mechanism for the United States Trustee Program. Under 28 U.S.C. § 1930(a)(6), quarterly fees must be paid in each open chapter 11 case in an amount scaled upon "disbursements" made in the case.  The minimum quarterly fee payable per case in any given quarter is $325.00, and the maximum quarterly fee payable is $30,000.

19.     The Debtor has failed to pay estimated UST quarterly fees in the amount of $325.00.  The Debtor's failure in this regard constitutes a "failure to pay any fees or charges required under chapter 123 of title 28" pursuant to 11 U.S.C. § 1112(b)(4)(K).  Accordingly, relief is warranted under 11 U.S.C. § 1112(b)(1)

20.     The United States Trustee submits that conversion would be in the best interest of creditors. Conversion would result in the appointment of an independent trustee who would liquidate any assets and investigate whether there are any avoidance causes of action which might lead to a distribution to creditors.

**Conclusion**

WHEREFORE, for the foregoing reasons, the U.S. Trustee requests that this Court enter an Order either converting this case to Chapter 7 or dismissing this case, whichever is in the best

interests of the estate and its creditors, and for such other and further relief that is deemed just and equitable.

                          Respectfully submitted,

                          ROBERTA A. DeANGELIS
                          UNITED STATES TRUSTEE
                          REGION 3

                          By: */s/ Donald F. MacMaster*
                                Donald F. MacMaster
                                Trial Attorney

Date: August 20, 2014